Michael A. Morin
Direct Dial: +1.202.637.2298
michael.morin@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM & WATKINS LLP

> Application granted.
>
> Defendant is granted leave to file Answer to the Third Amended Complaint (Doc. 121) under seal. The Clerk of the Court is respectfully directed to seal Doc. 121 and its attachments, permitting access only by the parties and the Court, but to retain the summary docket for the record.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 120.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         December 12, 2022

December 12, 2022

**VIA ECF**

Hon. Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

Re: *Allele Biotechnology and Pharmaceuticals, Inc. v. Regeneron Pharmaceuticals Inc.,* Case No. 7:20-cv-08255 (PMH) (AEK) (S.D.N.Y.) – Letter Motion to File Under Seal

Dear Judge Halpern:

On behalf of the Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron") in the above-captioned matter, I write pursuant to Rule 5.B of Your Honor's Individual Practices in Civil Cases to request the Court's approval to file under seal Regeneron's Answer and Affirmative Defenses to Plaintiff's to Allele's Third Amended Complaint ("Answer").  The Answer includes information that Regeneron has designated as Highly Confidential.  The Parties agree that the information redacted in the Answer is Highly Confidential, and should be filed under seal with the Court.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . . ." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure*.*" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006); *see also Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020) ("The presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret.").  Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail

LATHAM&WATKINS LLP

over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021).

Regeneron respectfully requests that the Answer be filed under seal. In accordance with the Court's Individual Practices in Civil Cases, the proposed sealed Answer will be contemporaneously filed under seal in the ECF system and electronically related to this Letter Motion to File Under Seal, which will be filed in public view.

Respectfully submitted,

*/s/ Michael Morin*
Michael A. Morin (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)