Michael A. Morin
Direct Dial: +1.202.637.2298
michael.morin@lw.com

# LATHAM & WATKINS LLP

July 19, 2024

**VIA ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, Room 520
White Plains, New York 10601

> Re: *Allele Biotechnology and Pharmaceuticals, Inc. v. Regeneron Pharmaceuticals Inc.,* Case No. 7:20-cv-08255-PMH —
> Letter-Motion to Seal Regeneron's Motion for Partial Summary Judgment and Accompanying Materials

Dear Judge Halpern:

---

Application granted.

The following documents shall be placed under seal:

Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 195);

Reply in Support of Defendant's Motion for Partial Summary Judgment (Doc. 193);

Joint Local Rule 56.1 Statement of Material Facts (Doc. 190); and

Exhibits 2-10, 14-16, 24-28, 33, 36, 38, and 41-43 of the Declaration of Michelle L. Ernst (Doc. 196).

The Clerk of Court is directed to terminate the motion at Doc. 184.

**SO ORDERED.**

_____
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
       October 4, 2024

---

On behalf of Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron") in the above-captioned matter, I write pursuant to Rule 5.B. of Your Honor's Individual Practices in Civil Cases to respectfully request the Court's approval to seal and file in redacted form the following documents:

- Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment
- Reply in Support of Defendant's Motion for Partial Summary Judgment
- Joint Local Rule 56.1 Statement of Material Facts
- Exhibits 2-10, 14-16, 24-28, 33, 36, 38, and 41-43 of the Declaration of Michelle L. Ernst in Support of Joint Local Rule 56.1 Statement of Material Facts and Defendant's Motion for Partial Summary Judgment.

As detailed below, allowing these documents to remain under seal or in redacted form is critical to protecting Regeneron from the unnecessary disclosure of competitive business information, and revealing this limited amount of information to the public will not substantially contribute to the public's understanding of this case. The balance therefore weighs in favor of keeping the following materials under seal or redacted. Additionally, as discussed in more detail below, Plaintiff Allele Biotechnology and Pharmaceuticals, Inc. ("Allele") has identified certain exhibits and portions of exhibits that it contends should be sealed or filed in redacted form. The parties met and conferred on July 15, 2024. Allele does not oppose Regeneron's motion.

**LATHAM&WATKINS**LLP

The presumptive public right to access judicial documents is not absolute.[1] *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). Rather, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . . ." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119- 120 (2d Cir. 2006).

Courts regularly find that "documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). Indeed, protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting). Accordingly, courts commonly grant requests to seal or redact documents to avoid unfairly giving competitors insight into sensitive financial data and operational information. *See City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at *1-3 (S.D.N.Y. Feb. 23, 2022) (granting request to seal and redact certain documents containing a company's revenue data, "peer comparison analyses and information on . . . market data strategy, initiatives, and revenue potential . . ."); *Kewazinga*, 2021 WL 1222122, at *3 (granting request to seal and redact certain "confidential information about [the company's] business models . . . sources of revenue and the amounts of its revenue and sales . . ."); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting request to redact documents where they contain "projected sales, net sales, and revenue" figures); *see also Stegmann on Behalf of Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (granting request to redact where disclosures "would enable competitors to discover the company's confidential business, operational and marketing strategies," "disclos[e] the company's internal analysis of its competitive standing," and "provide its competitors with information about which areas [the company] allocates its resources, as well as its internal financial projections").

The propriety of protecting confidential business information continues even where the information relates to past financial performance and analysis, because the information could still be exploited by a company's competitors. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal in part and explaining that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *see*

---

[1] Unless otherwise indicated, all internal citations and quotations are omitted, emphasis is added, and citations to "Ex. _" refer to exhibits attached to the Declaration of Michelle L. Ernst in Support of Joint Local Rule 56.1 Statement of Material Facts and Defendant's Motion for Partial Summary Judgment, submitted concurrently.

LATHAM&WATKINS LLP

*also Ramirez v. Temin & Co.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (allowing the redaction of certain business information when "public access to this information could alter the [f]irm's competitive position in the consulting market").

Nor does the fact that confidential business information is filed in connection with motions for summary judgment alter courts' willingness to protect such information. *See, e.g., JMG Improvements, Inc. v. Arch Specialty Ins. Co.*, 2021 WL 3173022, at *3 (S.D.N.Y. July 26, 2021) (redacting summary judgment filings where "the value in public access is outweighed by the defendant's interests in protecting itself from a competitor's obtaining unfettered access to its processes"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (redacting portions of summary judgment brief "referenc[ing] confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing" because the party "would be competitively harmed if they were revealed"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (redacting portions of summary judgment brief and supporting papers where information, "if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *Capri Sun GmbH v. Am. Beverage Corp.*, 2021 WL 3036589, at *1 (S.D.N.Y. July 16, 2021) (granting motion to file "summary judgment and *Daubert* motion papers and related exhibits under seal and/or with redactions" where information concerned "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *W.S.R. By & Through Richardson v. FCA U.S. LLC*, 2022 WL 35491, at *1 (S.D.N.Y. Jan. 3, 2022) (granting motion to seal exhibits at summary judgment); *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (allowing redactions in certain summary judgment exhibits of "specific financial metrics of [company's] products and models").

Regeneron's proposed sealing and redactions are narrowly tailored and concern documents and testimony that contain Regeneron's confidential and commercially sensitive information, which would provide substantive insight into, *inter alia*, Regeneron's financial performance, strategies, internal analyses, technical research and development, future operations, or trade secrets; or were designated Highly Confidential or Confidential under the protective order in this matter.

Revealing the sealed or redacted information would release Regeneron's confidential and commercially sensitive information to the public, which would cause injury to Regeneron by providing insight to Regeneron's competitors about Regeneron's strategies, financial projections, technical development, or trade secrets. Balancing the harm the disclosure of this commercially sensitive information would have on Regeneron with its minimal impact on describing the nature of the case for the public, the narrowly tailored sealing and redactions set forth below are appropriate.

For the reasons set forth below, Regeneron respectfully requests that the following documents—which contain Regeneron's confidential and commercially sensitive information, and the information for which Allele contends sealing is proper—remain under seal or in redacted form, and also that certain references to this information contained in Regeneron's concurrently-

LATHAM&WATKINS LLP

filed Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment, Reply in Support of Defendant's Motion for Partial Summary Judgment, and Joint Local Rule 56.1 Statement of Material Facts, be redacted.

- Exhibit 2 is a copy of the expert report of Dennis M. Klinman, M.D. Ph.D., dated November 21, 2023. This exhibit should be redacted because it includes information derived from testimony and documents related to Regeneron's technical work and related confidential communications to regulators.

- Exhibit 3 is a copy of the deposition transcript taken in this matter of Alina Baum, Ph.D., dated October 20, 2022. This exhibit should be redacted because it includes testimony related to Regeneron's technical efforts to develop commercial products as well technical efforts on projects that are not public.

- Exhibit 4 is a copy of Exhibit 7 in the deposition of Patrick Poats, dated March 23, 2023. This exhibit should be sealed because it relates to detailed Regeneron financial and strategy analyses.

- Exhibit 5 is a copy of Exhibit 5 in the deposition of Patrick Poats, dated March 23, 2023. This exhibit should be sealed because it relates to detailed Regeneron financial and strategy analyses.

- Exhibit 6 is a copy of the deposition transcript taken in this matter of Patrick Poats, dated March 23, 2023. This exhibit should be redacted because it relates to detailed Regeneron financial and strategy analyses.

- Exhibit 7 is a copy of the deposition transcript taken in this matter of Abbas Hussain, dated February 16, 2023. Allele Biotechnology and Pharmaceuticals, Inc. ("Allele") requests that this exhibit be redacted.

- Exhibit 8 is a copy of the deposition transcript taken in this matter of Jiwu Wang, Ph.D., dated November 16, 2022. Allele requests that this exhibit be redacted.

- Exhibit 9 is a copy of a license agreement produced as Bates identifier ALLELE-RP-0012659-2666. Allele requests that this exhibit be sealed.

- Exhibit 10 is a copy of an amendment to a license agreement produced as Bates identifier ALLELE-RP-0019354-9356. Allele requests that this exhibit be sealed.

- Exhibit 14 is a copy of an email exchange produced as Bates identifier ALLELE-RP-0019639-9640. Allele requests that this exhibit be sealed.

- Exhibit 15 is a copy of a license agreement produced as Bates identifier ALLELE-RP-0015824-5827. Allele requests that this exhibit be sealed.

LATHAM&WATKINS LLP

- Exhibit 16 is a copy of the expert report of Ralph Jimenez, Ph.D., dated December 20, 2023. Allele requests that this exhibit be redacted. Additionally, this exhibit should be redacted because it includes detailed technical analyses based on confidential technical work performed by Regeneron in developing both commercialized products and other non-public technical efforts. This document further contains analyses of license agreements that are themselves confidential and further describe commercially and strategically sensitive information.

- Exhibit 24 is a copy of a licensing spreadsheet produced as Bates identifier ALLELE-RP-0029766. Allele requests that this exhibit be sealed.

- Exhibit 25 is a copy of a licensing spreadsheet produced as Bates identifier ALLELE-RP-0001232. Allele requests that this exhibit be sealed.

- Exhibit 26 is a copy of the expert report of John C. Jarosz, dated December 22, 2023. Allele requests that this exhibit be redacted. Additionally, this exhibit should be redacted because it contains detailed analyses based on confidential financial data, strategy documents, Regeneron license agreements, and related testimony.

- Exhibit 27 is a copy of the expert report of Robert E. Campbell, Ph.D., dated November 21, 2023. This exhibit should be redacted because it includes detailed technical analyses based on confidential technical work performed by Regeneron in developing both commercialized products and other non-public technical efforts. This document further contains analysis of confidential Regeneron license agreements.

- Exhibit 28 is a copy of the deposition transcript taken in this matter of Robert E. Campbell, Ph.D., dated January 16, 2024. This exhibit should be redacted because it includes testimony related to technical work performed by Regeneron.

- Exhibit 33 is a copy of the expert report of James E. Malackowski, dated November 21, 2023. Allele requests that this exhibit be redacted. Additionally, this exhibit should be redacted because it contains detailed analyses based on confidential financial data, strategy documents, Regeneron license agreements, and related testimony.

- Exhibit 36 is a copy of the deposition transcript taken in this matter of Benjamin Overbye Fulton, Ph.D., dated March 3, 2023. This exhibit should be redacted because it includes testimony related to Regeneron's technical efforts to develop commercial products as well technical efforts on projects that are not public.

- Exhibit 38 is a copy of the deposition transcript taken in this matter of Srilakshmi Ravi, dated March 23, 2023. This exhibit should be redacted because it contains testimony related to confidential Regeneron business operations and strategy. It further contains testimony regarding Regeneron's confidential license agreements.

LATHAM&WATKINS LLP

- Exhibit 41 is a copy of an email exchange produced as Bates identifier REGN-AB-00055294-5296. This exhibit should be sealed because it contains internal strategic discussions between Regeneron employees concerning technical work and product development.

- Exhibit 42 is a copy of the transcript of the pre-motion conference held on April 10, 2024. This exhibit should be redacted because the Court previously issued an order granting Regeneron's letter-motion to file the redacted form of the transcript of the pre-motion conference held on April 10, 2024. *See* Dkt. No. 174. Regeneron's narrowly-tailored redactions of this exhibit are the same as in the previously-redacted transcript subject to the Court's order. *See id.*

- Exhibit 43 is a copy of the declaration of Alina Baum, Ph.D., dated December 31, 2021. This exhibit should be sealed because it contains information to related internal technical development. This exhibit should also be sealed because the Court previously issued an order granting Regeneron's letter-motion to file this declaration under seal. *See* Dkt. No. 57.

- The Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment should be redacted because it contains certain references to the information contained in the exhibits that Regeneron requests to either file under seal or redact, which include Regeneron's confidential, technical, and commercially sensitive information. Allele also requests that this document be redacted.

- The Reply in Support of Defendant's Motion for Partial Summary Judgment should be redacted because it contains certain references to the information contained in the exhibits that Regeneron requests to either file under seal or redact, which include Regeneron's confidential, technical, and commercially sensitive information. Allele also requests that this document be redacted.

- The Joint Local Rule 56.1 Statement of Material Facts should be redacted because it contains certain references to the information contained in the exhibits that Regeneron requests to either file under seal or redact, which include Regeneron's confidential, technical, and commercially sensitive information. Allele also requests that this document be redacted. Allele also requests that this document be redacted.

For the foregoing reasons, Regeneron respectfully submits that keeping the above materials under seal or in redacted form is consistent with the presumption in favor of public access.

Thank you for your time and consideration.

LATHAM&WATKINS LLP

                                          Respectfully submitted,

                                          */s/ Michael Morin*
                                          Michael A. Morin (admitted *pro hac vice*)
                                          of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)